**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert McBurnie,                    )<br>                                     )<br>           Plaintiff,               )<br>                                     )<br>vs.                                  )<br>                                     )<br>City of Prescott, et al.,            )<br>                                     )<br>           Defendants.              )<br>_____ ) | No. CV-09-8139-PCT-FJM<br><br>**ORDER** |

Plaintiff settled an overtime compensation claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, with the City of Prescott, pursuant to which the City agreed to pay plaintiff $26,000 for overtime compensation. However, the parties were unable to agree on attorney's fees. In order to resolve the issue of fees, plaintiff filed an action against the City of Prescott. In addition to the claim for fees, plaintiff asserted numerous claims against the City and other defendants, including a claim of retaliation under the FLSA. On December 22, 2010, we granted plaintiff's motion for summary judgment, holding that, under 29 U.S.C. § 216(b), plaintiff is entitled to attorney's fees incurred in the process of settling the FLSA claim (doc. 83). We instructed the parties to file briefs in compliance with LRCiv 54.2 in order to decide the amount of fees. Plaintiff's claim of FLSA retaliation was presented to a jury in Prescott in February 2011, resulting in a verdict in favor of the City of Prescott.

1  We now have before us plaintiff's motion for an award of attorney's fees related to 2 the FLSA overtime compensation claim (doc. 135), defendant City of Prescott's response 3 (doc. 136), and plaintiff's reply (doc. 137).

4  Having decided entitlement for fees, the only issue remaining is the amount of fees. 5 29 U.S.C. § 216(b) provides for an award of *reasonable* attorney's fees. In order to 6 determine reasonable fees, we first determine the lodestar amount by calculating "the number 7 of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 8 Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983). Counsel is obligated 9 to "make a good faith effort to exclude from a fee request hours that are excessive, 10 redundant, or otherwise unnecessary." Id. at 434, 103 S. Ct. at 1939-40.

11  Plaintiff seeks attorney's fees in the amount of $24,390.00 for 81.3 hours of work 12 related to the overtime compensation settlement and litigation, at a rate of $300.00 per hour. 13 He also seeks non-taxable costs in the amount of $254.20, for a total award of $24,644.20. 14 Defendants do not object to the hourly rate, but instead argue that the number of hours 15 requested is excessive.

16  Defendants first challenge the 14 hours spent investigating the details of plaintiff's 17 overtime claim. These hours were spent in large part reviewing client time cards, emails, pay 18 stubs and memos to determine the overtime deficiency. We disagree that this amount is 19 excessive given the admitted lack of documentation by the City. We also disagree with 20 defendants' argument that the expenditure of 6 hours on drafting the demand letter was 21 excessive in light of the fact that the letter was lengthy, detailed, and contained 22 comprehensive legal analysis.

23  We agree with defendants, however, that 5 hours spent reviewing a tolling agreement 24 that was prepared by the City is excessive. Plaintiff does not address this argument. We 25 conclude that no more than one hour should be required to review an agreement to toll a 26 statute of limitations. The fee request is reduced by 4 hours.

27  Defendants also challenge plaintiff's counsel's expenditure of 15.9 hours on plaintiff's 28 failed motion for entry of judgment, which plaintiff eventually withdrew. Of this amount,

- 2 -

1 however, 10.25 hours was spent responding to what was essentially defendants' motion for
2 reconsideration of our ruling on the issue of FLSA attorney's fees. We conclude that the
3 5.65 hours spent preparing the premature motion for final judgment should not be charged
4 to defendants.

5     Finally, defendants challenge the 15.5 hours expended by plaintiff's counsel to create
6 the attorney's fee motion and affidavit. This was an exceptionally simple fee application,
7 with only 60 total time entries. Nearly 20% of the total fee request is attributable to the fee
8 application itself. We agree that this is excessive and the amount requested is reduced by 7
9 hours.

10     Based on the foregoing, we conclude that plaintiff is entitled to recovery of 64.65
11 hours at a rate of $300 per hour, or $19,395.00 in attorney's fees. Plaintiff is also entitled to
12 recovery of $254.20 in non-taxable costs.

13     Therefore, **IT IS ORDERED GRANTING** plaintiff's motion for an award of
14 attorney's fees and costs in the total amount of $19,649.20 (doc. 135).

15     The clerk shall enter final judgment in favor of plaintiff and against the City of
16 Prescott in the amount of $19,649.20 on Count 12, and in favor of the defendants and against
17 plaintiff pursuant to our prior orders and the jury verdict on all other counts.

18     DATED this 25th day of April, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge