**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Robert McBurnie, | ) | No. CV-09-8139-PCT-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| City of Prescott, et al., | ) | |
| Defendants. | ) | |

The court has before it defendants' motion for attorney's fees (doc. 141) and memorandum in support (doc. 157), plaintiff's response (doc. 167), and defendants' reply (doc. 170). We also have before us plaintiff's motion to modify clerk's judgment on taxation of costs (doc. 168), defendants' response (doc. 169), and plaintiff's reply (doc. 171).

Plaintiff filed this action against the City of Prescott and individual City employees asserting 13 claims related to his discharge, including wrongful discharge and retaliation in violation of state and federal law, breach of contract, intentional interference with contract, intentional and negligent infliction of emotional distress, and violations of his first amendment and equal protection rights under the United States Constitution. Plaintiff argued that his discharge was in retaliation for his complaining about Fair Labor Standards Act (FLSA) and workplace safety violations. Plaintiff also filed a separate claim for attorney's fees related to a settlement of his FLSA wage claim. He succeeded on this claim only. The 12 other claims were resolved in defendants' favor on summary judgment, directed verdict,

1  or jury verdict following a six-day trial.

## Taxation of Costs

3  The clerk of the court apportioned the taxation of costs, awarding defendants costs in 4  the amount of $9,378.51 and plaintiff costs in the amount of $256.60. Plaintiff now asks us 5  to modify the clerk's judgment on taxation of costs to require each party to bear its own 6  costs. He argues that the City should be awarded no costs because he prevailed on one small 7  aspect of the case regarding attorney's fees on the FLSA settlement.

8  Under Rule 54(d)(1), Fed. R. Civ. P., costs are awarded to the prevailing party. We 9  have discretion, however, to apportion or deny costs where there is a mixed judgment. 10  Economics Lab., Inc. v. Donnolo, 612 F.2d 405, 411 (9th Cir. 1979) ("The district court has 11  broad discretion in apportioning and taxing costs where, as here, neither party completely 12  prevailed.") (citation omitted). Defendants prevailed on 12 of the 13 claims. They are 13  clearly the prevailing party. We conclude that the clerk of the court reasonably apportioned 14  costs based on each parties' relative success on the claims.

15  Plaintiff also argues that even if we determine that apportionment is appropriate we 16  should reduce the judgment by certain non-taxable amounts. We reject defendants' argument 17  that these claims were waived because they were not presented to the clerk for consideration. 18  Our review indicates that each issue was raised, albeit broadly, in plaintiff's objections to 19  defendants' bill of costs. See doc. 143.

20  Plaintiff first argues that $652.12 in witness fees paid to defendant parties testifying 21  in their own behalf are not recoverable and should be omitted from the taxation of costs. See 22  LRCiv 54(e)(4). Defendants argue that they testified as fact witnesses, not party witnesses, 23  after the individual defendants were dismissed from the case. But the individual defendants 24  were not dismissed from the case until after the plaintiff's close of evidence on defendants' 25  motion for judgment as a matter of law. See Minute Entry (doc. 123). At the time the 26  individual defendants were subpoenaed and paid witness fees, they were still defendants in 27  the case. See Defendants' Bill of Costs (doc. 140). We agree with plaintiff that witness fees 28  paid to party defendants in the amount of $652.12 should be subtracted from the clerk's

- 2 -

judgment.

Plaintiff also challenges the clerk's taxation of costs for copies of plaintiff's workers' compensation claims file obtained from the Industrial Commission in the amount of $531.25. Plaintiff argues that defendants made no showing that the records were necessarily obtained from a third-party records custodian or were admitted into evidence at trial. See LRCiv 54.1(e)(5). A bill from the Industrial Commission is attached to defendants' bill of costs, sufficiently establishing that these copies were obtained from a third-party custodian. Moreover, it is undisputed that portions of the file were admitted into evidence by both parties. Therefore, this cost was properly taxed to plaintiff.

Finally, plaintiff challenges taxation of a $12.00 fee related to a subpoena for medical records, because the subpoena was issued after discovery had closed. We agree that costs related to out of time discovery are not taxable and accordingly reduce the taxable amount by $12.00.

We therefore reduce the clerk's taxation of costs by a total of $664.12, for a modified cost award to defendants of $8,714.39.

**Attorney's Fees**

Defendants seek an award of attorney's fees on a variety of legal theories, including 42 U.S.C. § 1988, A.R.S. §§ 12-341, 12-341.01(A), (B), and (C), and Rules 11(a) and 41(a) and (d), Fed. R. Civ. P. They incorrectly argue that as the prevailing party they are entitled to fees under 42 U.S.C. § 1988 "unless special circumstances would render such an award unjust." Memorandum at 4 (citing Hensley v. Eckerhart, 461 U.S. 424, 429, 103 S. Ct. 1933, 1937 (1983)). Defendants ignore the well-established rule that fee shifting to a prevailing defendant under § 1988 is available only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S. Ct. 694, 700 (1978). Defendants have made no showing that plaintiff's federal claims meet this test.

Defendants other purported bases for attorney's fees are similarly inapplicable. A.R.S. § 12-341 is irrelevant because it provides for recovery of taxable costs, not attorney's

1  fees. Rules 11(a) and 41(a) and (d), Fed. R. Civ. P., provide no basis for an award of fees.
2  A.R.S. § 12-341.01(A) and (B) relate to an award of attorney's fees in an action arising out
3  of contract. Although plaintiff originally asserted contract claims, these claims were an
4  insignificant part of plaintiff's action. Defendants make no effort to limit fees to the contract
5  claims or otherwise attempt to support an award of fees under § 12-341.01(A). See
6  Associated Indem. Corp. v. Warner, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985).

7  Defendants abandon each of these bases for the recovery of fees by not responding
8  to plaintiff's objections, instead focusing solely on recovery of fees under A.R.S. § 12-
9  341.01(C) in their reply. Section 12-341.01(C) provides for attorney's fees only "upon clear
10 and convincing evidence that the claim . . . constitutes harassment, is groundless and is not
11 made in good faith." Defendants contend that plaintiff's claim that he was wrongfully
12 discharged because he made workplace safety complaints to ADOSH were groundless and
13 not made in good faith. They argue that plaintiff must have known that A.R.S. § 23-425 does
14 not provide for a private cause of action. Not only is this an insufficient showing under § 12-
15 341.01(C), but the argument was raised for the first time in defendants' reply brief. We will
16 not consider an argument raised for the first time in a reply. Gadda v. State Bar of Cal., 511
17 F.3d 933, 937 n.2 (9th Cir. 2007).

18 **IT IS ORDERED GRANTING** plaintiff's motion to modify clerk's judgment on
19 taxation of costs (doc. 168). Costs are taxed for the defendants in the modified amount of
20 $8,714.39.

21 **IT IS FURTHER ORDERED DENYING** defendants' motion for an award of
22 attorney's fees (doc. 141).

23 DATED this 21st day of October, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 4 -